IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Milija Zivkovic | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 05 C 3086 |
| Alberto Gonzales, Attorney General of the United States; Michael Sheehan, Sheriff, Cook County Jail, | ) ) ) ) ) | |
| Respondents. | ) | |

**FILED**

AUG 2 4 2005

## MEMORANDUM OPINION

Judge Samuel Der-Yeghiayan
U.S. District Court

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Respondents' motion to dismiss Petitioner Milija Zivkovic's ("Zivkovic") petition for a writ of *habeas corpus* ("Petition"). For the reasons stated below, we grant the motion to dismiss in its entirety.

## BACKGROUND

Zivkovic was originally in the custody of the U.S. Immigration and Customs Enforcement. Zivkovic was subsequently taken into custody by the Cook County Sheriff pursuant to an order issued by a state Circuit Court judge ordering that Zivkovic be remanded to state custody. Zivkovic is presently confined in the Cook

1

County Jail in Chicago, Illinois, awaiting trial on state criminal charges and is charged in a 140 Count criminal indictment with an alleged aggravated criminal sexual assault upon an elderly woman. Zivkovic has filed the instant Petition seeking to challenge his current physical confinement. (Pet. P Rel. Par. 1-2). Zivkovic has named Alberto Gonzales, Attorney General of the United States ("Attorney General") and Michael Sheehan, Sheriff of Cook County, Illinois ("Sheriff") as Respondents in the Petition.

## LEGAL STANDARD

In ruling on a motion to dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6) the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party

challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff."). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *Id.* For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

## DISCUSSION

I. Claim Against Attorney General

Respondents argue that the court should dismiss the Petition to the extent that it is being brought against the Attorney General, since Zivkovic is not in the Attorney General's custody. When a *habeas corpus* petition is filed challenging the petitioner's current physical confinement, the proper Respondent is the warden or official overseeing the petitioner's custody that "has the immediate physical custody of the party detained, with the power to produce the body of such party. . . ." *Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2717 (2004)(quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1985)). This rule is consistent with 28 U.S.C. § 2243 which provides that "[t]he writ . . . shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. *See also Padilla*, 124 S.Ct. at 2720 (indicating that when a petitioner is challenging his current physical custody, "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); *al-Marri v. Rumsfeld*, 360 F.3d 707, 709 (7th Cir. 2004)(stating that "when there is only one custody and one physical custodian, that person is the proper respondent, and the district court in which the prison is located is the proper district for proceedings under § 2241(a)").

Zivkovic concedes in his answer to the motion to dismiss that "his custody is technically controlled by the sheriff [sic] of Cook County at the present time." (Ans. 1). Zivkovic has failed to show that Defendant Attorney General is the head of or controls the Cook County Sheriff's Office. Zivkovic has made a variety of

4

arguments in his answer to the motion to dismiss regarding his custodial status. Despite the fact that Zivkovic's answer is replete with legal assertions, other than a few citations in the second paragraph of the answer, there is a complete absence of citations to any evidentiary or legal authority whatsoever. Instead, the bulk of Zivkovic's answer is merely an airing of complaints without any properly articulated or supported legal arguments. Zivkovic is represented by counsel and the court is not obligated to do his work for him by researching the law and making his arguments for him. *Gold v. Wolpert*, 876 F.2d 1327, 1332 (7th Cir. 1989)(stating that the plaintiff "merely expects the court (and his opponents) to research his claims and to test his hunch that '[t]here appear to be no laws' barring 'consultants' or 'finders' from obtaining a recovery" and stating: "We decline to do his work for him.").

Zivkovic states, for example, that "the Attorney General retains complete legal control over petitioner's custody status, no matter in whose custody petitioner momentarily exists [sic]." (Ans. 2-3). Zivkovic does not provide any legal support for the statement and such a statement merely adds to the incoherence of Zivkovic's contentions. Zivkovic also states that "the case at bar falls directly within the Vargas holding." (Ans. 3). However, other than that cursory and conclusory statement, there is no reference to the facts or holding of the case, or any explanation as to how that holding is applicable. (Ans. 3). Neither is there any citation to the case or page number to indicate what Zivkovic seeks to focus upon in the case. Notwithstanding this deficiency, *Vargas v. Swan*, 854 F.2d 1028 (7th Cir. 1988)

5

which Zivkovic is apparently referring to, was decided in 1988 and since that time the United States Supreme Court has made it clear in *Padilla* that the focus for the determination of the proper Respondent in a *habeas* proceeding is the current custodian that has physical custody of the petitioner.

Zivkovic next argues that the "Board's reversal of the bond order and the pendency of removal proceedings" is a detainer. (Ans. 3). However, Zivkovic cites no legal authority to support such a notion. *See* 8 C.F.R. § 287.7(a)(explaining that "[a]ny authorized immigration officer may at any time issue a Form I-247, Immigration Detainer-Notice of Action, to any other Federal, State, or local law enforcement agency" and that "[a] detainer serves to advise another law enforcement agency that the Department seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien.").

Zivkovic also argues that the Attorney General is the head of the Board of Immigration Appeals ("Board"), which Zivkovic claims has control over his custody. Zivkovic states in a conclusory fashion that "[i]t must be concluded that the Attorney General, as the head of the Department of Justice and therefore the Board, is in fact the person exercising actual and legal custody over petitioner." (Ans. 3). However, Zivkovic fails to explain why that "must" be so and Zivkovic has not pointed to any evidence or legal authority that would indicate that the Board has current control over his custody.

Zivkovic also complains that the state court judge's custodial order "is vague

on its face." (Ans. 3). However, Zivkovic fails to articulate any legal argument in this regard or cite to any supporting case law. Zivkovic then proceeds onward to speculate, without any legal or evidentiary support, as to the purpose of the order issued by the state court judge and the intent of the state court judge when issuing the order. Zivkovic finishes his answer with one final conclusory statement that "[i]t is clear that the February 25, 2005, order is actually reflective of the federal control of petitioner's custody." (Ans. 4). However, Zivkovic has not shown that such a conclusion is clear in any regard.

Zivkovic also asserts that removal proceedings against him "remain pending" despite the "technical closure" of the proceedings. (Ans. 2). The record reflects that the removal proceedings were administratively closed with the acquiescence of both parties. (JSR Par. 6). This court notes that an immigration judge may not administratively close a case unless both parties agree. *In re Alba Luz Gutierrez-Lopez*, 21 I & N Dec. 479, 480 (BIA 1996). However, whether the removal proceedings are pending against Zivkovic or are administratively closed and may be re-calendered in the future is irrelevant for the purposes of Zivkovic's Petition. The pertinent issue in determining the proper Respondent in a *habeas* action is not whether certain proceedings are pending against the petitioner. Rather, as is explained above, the key inquiry is which party has the immediate physical custody of the petitioner. *Padilla*, 124 S.Ct. at 2720. Zivkovic has acknowledged that he is in the custody of the Sheriff and has not shown that he is in the immediate physical

custody of the Attorney General. As a matter of fact, since Zivkovic is currently and properly in state custody and state court proceedings are ongoing, conceivably, Zivkovic could end up being convicted and incarcerated for an extended period in a state penal institution and remain in the custody of a state official. The fact that immigration proceedings are pending against Zivkovic and, after a period of state incarceration, Zivkovic might be taken into custody of the federal government at some future date for purposes of removal proceedings does not currently make the Attorney General a proper Respondent in this action. Therefore, we dismiss the *habeas* petition to the extent that it is brought against the Attorney General because he is not a proper Respondent.

## II. Exhaustion of State Court Remedies

Respondents argue that the court should dismiss the Petition because Zivkovic has not exhausted his state court remedies. A petitioner must generally exhaust his state court remedies before he can bring a petition seeking *habeas* relief. *Schaff v. Snyder*, 190 F.3d 513, 524 (7th Cir. 1999); *Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir. 1996). In the instant action, Respondents argue, and Zivkovic does not deny, that Zivkovic has not appealed the order of the state court judge that has transferred him to the custody of the Sheriff. Neither is there any indication by Zivkovic that he has filed a motion for reconsideration with the state court judge that issued the custody order. Thus, if Zivkovic desires to challenge his current

detention, the proper avenue at this juncture would be to pursue the state court appellate process rather than leaping ahead to the federal court with a *habeas corpus* petition. Zivkovic has not shown that any of the exceptions to the exhaustion requirement are applicable or given any reason why he cannot obtain the release from the custody of the Sheriff which Zivkovic seeks in the Petition by pursuing his state court remedies. *See e.g. Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997)(stating that "inordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief."); *Nutall v. Greer*, 764 F.2d 462, 464 n.1 (7th Cir.1985)(stating that "[a]n exception to the exhaustion rule is made if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."); *Bonsol v. Perryman*, 240 F.Supp.2d 823, 825 (N.D.Ill. 2003)(stating that "where habeas corpus petitioners question the constitutionality of a statute, they need not exhaust administrative remedies prior to filing their petition."). Therefore, we grant Respondents' motion to dismiss the Petition and dismiss the Petition without prejudice to the extent that the Petition is brought against the Sheriff.

## CONCLUSION

Based on the foregoing analysis, we grant Respondents' motion to dismiss the Petition to the extent that it is being brought against the Attorney General and we grant the motion to dismiss the Petition to the extent that it is being brought against the Sheriff without prejudice.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 24, 2005